UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBEKAH BUNDESEN,              Case No.:  21-

    Plaintiff,              Hon.

-vs-

SPECTRUM HEALTH SYSTEM,
A domestic nonprofit corporation, d/b/a
PRIORITY HEALTH,

    Defendant.
_____/

Scott W. Rooney (P42282)
Nemes Rooney, P.C.
Attorneys for Plaintiff
26050 Orchard Lake Rd., Ste. 300
Farmington Hills, MI 48334
P:  248-442-3300
F:  248-442-3319
scott@nemesassociates.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other prior civil action
arising out of the same transaction or occurrence as alleged in the complaint.
.

s/ Scott W. Rooney
Scott W. Rooney (P42282)

## COMPLAINT

NOW COMES the above-named Plaintiff, Rebekah Bundesen, hereinafter referred to as Plaintiff Bundesen, by and through her counsel, Nemes Rooney, P.C., and as against the Defendants, Spectrum Health, a domestic non-profit, hereinafter referred to as Defendant Spectrum and Defendant Priority Health, a domestic for-profit corporation, hereinafter referred to as Defendant Priority, states as follows:

## I.     INTRODUCTION

1. The Plaintiff Bundesen was at all times herein a resident of the County of Oakland, State of Michigan and performed work for the Defendant in the Metropolitan Detroit area.

2. Defendant Spectrum is a Michigan non-profit corporation, located in the County of Kent, State of Michigan, but performed services in the County of Oakland, State of Michigan.

3. Defendant Spectrum is an integrated health system that includes the Michigan for-profit corporation known as Defendant Priority Health.

4. Defendant Priority has its offices at all times pertinent hereto at 27777 Franklin Rd., St. 1300, Southfield, MI 48329.

5. For purposes of this Complaint, Defendant Spectrum includes both Defendant Spectrum and Defendant Priority and for purposes of simplicity, these Defendants are jointly identified as Defendant Spectrum/Priority.

6. Plaintiff herein was at all times pertinent hereto an employee of Defendant Spectrum/Priority.

## II.     JURISDICTION

7. This Court has jurisdiction as to all claims set forth by the Plaintiff under the Americans with Disabilities Act (ADA) of 1990, P.L. 101-336, and as amended P.L. 110-325, 42 U.S.C. §12101, et seq.

8. The Court has pendent jurisdiction of the Plaintiff State Law and claims brought under the Michigan Elliott-Larsen Civil Rights Act, Act 453 of 1976, MCL 37.201, et seq and the Persons with Disabilities Civil Rights Act, MCL 37.1101, et seq.

### III.   VENUE

9. The venue herein is appropriate as the work performed by the Plaintiff for the Defendants and the employment relationship, which the claims arose from, occurred in the County of Oakland, State of Michigan.

10. The Plaintiff is a resident of the area within the Eastern District of Michigan, Southern Division.

11. Defendants Spectrum/Priority do business and have their corporate offices within the County of Oakland, State of Michigan.

12. The events giving rise to the claims herein occurred within the Eastern District of Michigan, Southern Division.

### IV.   FACTS

13. Plaintiff incorporates by reference Paragraph 1-12 as if restated herein word for word and paragraph by paragraph.

14. On or about December 27, 2015, the Plaintiff Bundesen was hired for the position of Senior Provider Employment Specialist.

15. Throughout the later course of her employment, Plaintiff was disabled in accordance with the ADA guidelines, but was able to perform her functions with reasonable accommodations.

16. Plaintiff's disability did not prevent her from providing and performing her duties and functions.

17. Throughout the course of her employment, Plaintiff Bundesen had satisfactory or higher evaluations from her superiors and it was not until she was continuously denied accommodation that the Plaintiff was retaliated against and forced to resign.

18. That the Plaintiff was treated differently than those employees who were not disabled, in such a manner that non-disabled employees were allowed to work from home full time, but the Plaintiff was denied such an accommodation request.

19. In August 2019, Plaintiff and others in her position were allowed to work from home two days per week.

20. As Plaintiff's disability continued, she requested to be allowed to work from home on a full-time basis and discussed the same with her Director, who denied her request on multiple occasions even though she was led to believe that the Director and others would be supporting her request, but the same did not occur.

21. Plaintiff requested to be considered for the position of Director due to her request for accommodations and was subsequently advised that she would be required to return to in-office status, at least on a part-time basis, even though other similarly situated employees were not required to do so.

22. That as a result of the Defendants' actions, Plaintiff was caused to constructively discharge thereby resulting in emotional distress and economic loss in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and attorney fees.

V. AMERICANS WITH DISABILITIES ACT

23. Plaintiff incorporates by reference Paragraph 1-22 as if restated herein word for word and paragraph by paragraph.

24. The Americans with Disabilities Act (ADA) makes it unlawful for an employer to discriminate against a qualified individual on the basis of a disability.  42 U.S.C. *1.112(a).

25. 42 U.S.C. *12112(a) defines "discriminate " to include "not making reasonable accommodations to the known physical limitations of an otherwise qualified individual with a

disability" unless the employer can demonstrate that the accommodation would impose an undue hardship."

26. An "otherwise qualified individual" is one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* *12111(8).

27. Plaintiff Bundesen is both disabled and otherwise qualified for the position she was in and for the Director position, either with or without reasonable accommodation.

28. The Defendants cannot establish that accommodating the Plaintiff's request and desire for promotion would impose an undue hardship on the operation of its business.

29. The accommodation requested by the Plaintiff was reasonable and the actions of the Plaintiff's supervisors such that they would be participating in disability training seminars demonstrated a lack of good faith.

30. Plaintiff's proposed accommodation was reasonable and Defendants reused or failure to engage in the interactive process to find an accommodation is an independent violation of the ADA for which the Defendants are liable.

31. Defendant's agents, servants, and employees, upon learning of Plaintiff's disability and request for accommodation retaliated against the Plaintiff in her attempt to secure the position of Director by being told that her "condition" made it impossible to allow her to be promoted. Such "condition" was Plaintiff's disability.

32. Defendants have violated the ADA by failing to provide reasonable accommodation, failing to promote or consider promotion and failure to act in good faith.

33. As a result of Defendants' actions and omissions above, the Plaintiff was forced to resign and has suffered emotional distress and economic loss.

WHEREFORE, Plaintiff seeks an award against the Defendants in excess of the jurisdictional limits of this Court together with interest, costs, and attorney fees.

## VI.     STATE CIVIL RIGHTS ACT CLAIMS

34. Plaintiff incorporates by reference Paragraph 1-33 as if restated herein word for word and paragraph by paragraph.

35. Plaintiff was discriminated against in violation of the Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101, et seq.

36. Pursuant to the PWDCRA, the Plaintiff qualifies as disabled.

37. Pursuant to PWDCRA, an employer shall not "[r]etaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified assisted, or participated in an investigation…."

38. The PWDCRA states that a person shall accommodate a person with a disability for purposes of employment, unless the person can demonstrate that the accommodation would impose an undue hardship.

39. Defendants did discriminate against the Plaintiff by failing to accommodate her disability when doing so would not have imposed an undue hardship upon the Defendants.

40. Defendants did retaliate against the Plaintiff by failing to promote her to a position that she was otherwise qualified for with or without a disability.

41. That as a direct and proximate result of the Defendants' actions and omissions herein, the Plaintiff was caused emotional distress and economic loss, in excess of the jurisdictional limits of this Court together with interest, costs, and attorney fees.

WHEREFORE, Plaintiff seeks an award against the Defendants in excess of the jurisdictional limits of this Court together with interest, costs, and attorney fees.

## VII.   RELIEF REQUESTED

WHEREFORE, Plaintiff requests an award for damages in excess of the jurisdictional limits of this Court exclusive of attorney fees and costs, or in an amount deemed fair, just, and adequate compensation for the injuries and damages alleged.

Respectfully submitted,

By:  s/ Scott W. Rooney
Scott W. Rooney (P42282)
NEMES ROONEY, P.C.
Attorneys for Plaintiff
26050 Orchard Lake Rd., Ste. 300
Farmington Hills, MI 48334
P:  248-442-3300
F:  248-442-3319
scott@nemesassociates.com

Dated:  August 18, 2021

## **DEMAND FOR JURY TRIAL**

NOW COMES the above-named Plaintiff, Rebekah Bundesen, by and through her counsel, Nemes Rooney, P.C., and hereby demands a trial by jury.

                    Respectfully submitted,

                    By:  s/ Scott W. Rooney
                    Scott W. Rooney (P42282)
                    NEMES ROONEY, P.C.
                    Attorneys for Plaintiff
                    26050 Orchard Lake Rd., Ste. 300
                    Farmington Hills, MI 48334
                    P:  248-442-3300
                    F:  248-442-3319
                    scott@nemesassociates.com

Dated:  August 18, 2021